Our fifth case of the day is appeal number 24-2459, United States v. Swartz. Mr. Hillis, good morning. Whenever you're ready. Good morning. May it please the court, my name is Daniel Hillis, I'm with the Federal Public Defender's  I represent Mr. Swartz on this appeal. This appeal is about money. It may not seem like that much money to people, but $10,000 is a lot to my client, especially when we get the numbers correct in this case, and that is the overarching problem. The numbers were not correctly determined in this case. We know this, the government agrees with us on this, that the PSR included incorrect information. Every criminal defendant has a due process right to be sentenced on the basis of accurate information. That's the Tucker and Townsend line of cases from the Supreme Court, and it also tracks with this court's decisions in Corona-Gonzalez, Welch, etc., Miller. So we know that there's incorrect information that was at play here. The question to the government is, where is it in the record that shows the district court relied on it, and the answer is quite simple. The figure doesn't come out of plain air when the judge decides to impose the fines. He's relying on something. He essentially adopted the PSR, pages 26 through 29, when he used it to make various determinations, and importantly, in our view, there's no rejection of the figure that's incorrect in the PSR by the district court at sentencing to say, I see the number and I know it's incorrect. But the way I'm reading the district court here, and tell me I'm wrong, is the references were to assets and cash flow, not net worth. The references were to net worth because by using the PSR that incorrectly has the net worth, we're incorporating that, and under Rule 32I-3B, I think that's right, that the district court, when confronted with a dispute about a fact, needs to make a resolution on the fact. And by adopting the PSR, the district court would have accepted the PSR's version at the 268. So your argument is, if the judge accepts the facts, but then moves on, and in terms of when the judge is specifically relying on it, talks about assets and cash flow, and doesn't reference net worth, that the prior finding is enough because there's the bad facts in the record. Right. There's, we describe it in the briefing as a fault line that runs through everything else in the case. And I think that's an apt way to describe what occurs here. So for purposes of assessing earnings, assets, et cetera, under 3572A, you need to have an accurate description. When Congress says to assess these things, it doesn't mean to use inaccurate information. And of course, we have the due process concerns separately. And I don't want to get too far into the 3572B portion of our argument, but again, if we're using the wrong net worth, then we are making the wrong determinations that flow both for the 3572A, whether you have the ability to pay the fine, and then separately, 3572B, whether or not the imposition of the fine will impact the ability for victims to collect restitution. If my client doesn't have $268,000, he may have, by my count in the math, about $111,000. Once we take into account the remaining $31,000 that was agreed to at the time of sentencing, that is also not offset in the judge's calculations. But didn't Mr. Schwartz's counsel raise that in the sentencing memorandum? And the government didn't dispute that. And so you say that there's a disputed fact. It seems to me, at least between the parties, there was no dispute that the PSR had incorrectly identified the net worth. And as Mr. Schwartz pointed out in the sentencing memorandum, and the judge, we know, reviewed the sentencing memorandum. And so, I guess, given that, wouldn't one suspect that the judge would have used the information that at least the parties agreed to? No. Because there were plenty of instances where the judge is trying to get a handle on the facts during the hearing, despite what the parties have laid out, and the judge doesn't have everything right. Judges are very able, but they do not have perfect recall. And so the way that we know that a fact is correctly determined is for the judge to say so on the record. To say that it was wrong here, but maybe it was right later on when the judge made his other remarks, it doesn't, on the record that I see, disambiguate anything. So if it was uncontested, I think that the government could have taken this out of play by saying, we agree with defense counsel that the net worth is incorrectly stated in the memorandum. If the judge further, more could have said, I've read the sentencing memorandum, and I recognize that there's a dispute about this, and then I think his obligation kicks in under Rule 32I.3b to make a determination. When he doesn't, the case law from this court says, a reference, a very scant reference to the PSR is enough to show that the judge is then using the PSR. Usually that breaks against the defense, because everything that we want to contend that the judge didn't consider, use, and incorporate for his determination, we get brushed aside because we are able to then get the back end of this on the Rule 32I.3b determination. Here it works in our favor, because the judge, by adopting the PSR and not accepting the defense's position explicitly, means the judge used the wrong figures. So Judge Lee, I think that there is not a way for us to look at this record and conclude that the judge, at the sentencing hearing, relied on the correct information. I don't think the judge to this day would have an idea that this was the wrong information to be used, and certainly on this record we can't say otherwise, because the judge didn't make an explicit determination in his adoption of the PSR would support our position that the wrong information was used to impose sentence. So with that, I just want to make one final tilt towards the 3572b portion. We know that if, or for 3572a for that matter, let's start there. If the judge had the correct information, and my client's net worth is half of what the judge believed it to be, maybe the fine is half what the judge imposed. The difference of $5,000 is substantial for a client who's 60 years old, comes out with diminished earning expectations, loss of salary, likely no more alimony, and a felony conviction. This means a lot to my client for his ability to pay his bills going forward. And for purposes of 3572b, there's an order of operations at play here. I think that fines get paid before restitution, and if the government is going to take it, it's $10,000 now. My client has less ability to pay the fine to the victims, which is supposed to be the first order of business here under 3572b. So the imposition of the fine very definitely impacts my client's ability to pay restitution to the victims, who should be standing here first in line, not second to the government, who's apparently going to get its $10,000. Did I misread the record that $150,000 of the $180,000 in restitution was already paid to the victims? That's correct, it was. Okay. And so he has net worth of $140,000? I think it's less than that, because we have to subtract out the additional $31,000 that was agreed to at the time of sentencing that's a liability. Correct, correct. So that's around $100,000. So he's paying a $10,000 fine on a net worth of $100,000. Very different than a net worth of $268,000.  That's our position. Unless the court has any questions, I will yield. Mr. Wieckow? May it please the court, Aaron Wieckow representing the United States in this matter. The United States is asking the court to affirm the judgment and conviction order of the district court. Here's the defendant's burden to show the district court relied on incorrect information in the PSR when it decided to impose that $10,000 fine. There's absolutely no evidence in this record to show that. In fact, as Judge Lee pointed out, the evidence shows that the district court was well aware of the typographical error in the PSR because the defendant's own sentencing memo pointed it out. And the district court expressly acknowledged reading that sentencing memo during the sentencing hearing. Therefore, at the sentencing hearing, everybody there knew that the correct net worth of the defendant was $143,000. I knew it. The district court knew it. The defendant knew it. And the probation officer knew it. There was no dispute about that. And the reality is, is because everybody was aware of that typographical error, no one believed it was necessary to address it at the sentencing hearing. Now, on appeal, the defendant wants this court to speculate that the district court relied on the incorrect net worth figure in the PSR, even though it flies in the face of several known facts. First, the PSR correctly listed the defendant's assets. Second, the PSR correctly listed the defendant's liabilities. Third, as I mentioned, the district court expressly acknowledged reading the defendant's sentencing memo that pointed out the error. And fourth, and perhaps most... Can you direct me to where in the transcript the judge acknowledges reading the defendant's sentencing memorandum? Yes, Your Honor. It is page 31 of the appendix of the defendant's brief. When addressing defense counsel, the district court said, quote, I have spent some time with your memorandum. And in the following page, defense counsel, when addressing the district court said, Judge, we know that you have reviewed carefully our sentencing memorandum. So it was expressly acknowledged that that had been read by the district court. Fourth and finally, what I wanted to point out is that the district court never referenced that incorrect net worth figure when imposing the $10,000 fine. So the judge talked about the significant assets, which were correctly listed in the PSR. The judge talked about the limited liabilities, which were also correctly listed in the PSR. And the judge talked about the positive monthly cash flow, which was correct. The defendant had a positive monthly cash flow, and the district court knew that the defendant was going to be allowed to self-surrender, so he's going to continue to earn a good income until he was incarcerated. And certainly the district court also knew that once the defendant was incarcerated, his monthly income would be drastically reduced as a result of that, and factored that in to the overall analysis of what the proper fine should be. Finally, I think it bears mentioning that the majority of the defendant's reply brief focuses on his belief that a fine was not appropriate in this case. But in front of the district court, he never argued that he was unable to pay a fine. Not in his objections to the PSR, not in his sentencing memorandum, and not at the sentencing hearing. The very first time he made that argument was before this court. And that is truly a frivolous argument, because his net worth at the time of sentencing was approximately $143,000. Now it's true that before the hearing, the parties agreed that an additional $31,000 restitution was appropriate, and that was ordered. And of course, the district court ordered a $10,000 fine. But if you do the math, as Judge Monlaw did, he still had over $100,000 in assets after the fine, and after the additional restitution was considered. So in summary, the record clearly shows that the district court did not rely upon the incorrect net worth amount in the PSR when it imposed a $10,000 fine, and therefore there was no procedural error here. So unless the court has further questions, I would just end by asking you to affirm the judgment and conviction order of the district court. Thank you. Thank you, Mr. Wagner. Mr. Hillis? It feels almost that the government's willing to shift the burden to us to say that once we object in the PSR, we have to say more to the district court to put it of itself on record about what the correct figures are. We don't have to do more. Once we state what our position is, it's for the district court to make determinations under Rule 32 at the time of sentencing. They can't point to the complete absence of a resolution and say, this supports our position that there was a determination and the right figure was used throughout. We would expect district courts to be using information from the PSR to make its determinations, and when it is incorrect, it is common for district courts to say, I'm amending the PSR and direct that it be done so at sentencing. This is not an uncommon event. This is how we know that the district court is operating with the correct universe of  that didn't occur here. So far as liabilities go, when the government says the district court's PSR correctly listed the liabilities, even at the time of sentencing, once you agree to pay an additional $30,000 in restitution, that's an additional liability that ticks the number down. Now I expect the district court may have been conscious of that, but it would have been better to refer to it to get a handle fully on what the amount is that my client had. And then as for my client's lack of objection to a fine, we know from the Martin cases and plenty of others that once the sentence is imposed, you don't have a duty to stand up and object to the imposition of the sentence. That includes the fine. So if it wasn't on anybody's radar that a person with limited assets would be expected to pay a $10,000 fine, especially with the fairly helpful efforts by my client to pay a restitution of the first $150,000, then the $31,000 that he agrees to, to be tagged with another $10,000 at the end of it, my client isn't going to stand up and object and he doesn't have to under Martin. Rather, what has to occur is a correct determination under the law, 3572B, that this $10,000 is warranted in light of future earnings, existing assets, considerations like that. And then most importantly, I would say, under circumstances like this where the government is now asking for a $10,000 fine, take a hard look at whether or not that is consistent with 3572B in my client's ability to pay restitution when the government wants to collect first a $10,000 fine. That is not, in keeping with the factors either so far as earnings and worth that my client has, as well as the impact that the $10,000 has on his ability to pay now the additional $31,000 in restitution that he agreed to at the time of sentencing. Thank you, Mr. Ellis. Thank you. This will be taken under advisement.